United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 14, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-11227
Summary Calendar

RICHARD O'BRIEN,

Plaintiff-Appellant,

versus

LUCENT TECHNOLOGIES, INC.,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
(3:00-CV-1294-L)
--------------------

Before JOLLY, WIENER, and PICKERING, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Richard O'Brien appeals the district court's grant of summary judgment in favor of his former employer, Defendant-Appellee Lucent Technologies, Inc., dismissing O'Brien's action for breach of contract following the at-will termination of his employment; specifically, Lucent's refusal to grant various stock option and stock purchase benefits. Having carefully reviewed the summary judgment record, the comprehensive opinion of the district court, the appellate arguments of counsel in their

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

respective appellate briefs, and the applicable law, we are satisfied that the rulings of the district court should be affirmed.

Counsel for both parties have favored this court with excellent briefing, presenting their respective legal positions forcefully yet professionally, identifying the issues and advancing their arguments cogently and clearly. In the end, however, the legal arguments advanced by O'Brien to reverse the district court's dismissal of his action on summary judgment do not carry the day. The district court correctly ruled that the express choice of Delaware law in the Stock Option Agreement applies, and that ruling is not erroneous in being based on the plain wording of that Agreement only. Neither is there anything in the summary judgment record to implicate that O'Brien's termination by Lucent implicated a denial or forfeiture of benefits as a matter of timing or purpose. In the end, we are convinced that the careful analysis set forth in the district court's Order filed October 20, 2003 squarely hits the mark.

Primarily for the reasons given by the district court, its grant of Lucent's motion for summary judgment dismissing O'Brien's action, its denial of O'Brien's motion for partial summary judgment, and its rejection of O'Brien's request for attorneys' fees are, in all respects,
AFFIRMED.